Anderson, J.
This is a rule against the honorable judge of the Circuit court of Charlotte county, to show cause why a peremptory mandamus should not be awarded against him, to proceed to hear and finally dispose of the case of Kent, Paine & Co. v. A. D. Ford & Co. I think his answer to this rule is all sufficient, that he has heard and finally disposed of said cause.
The cause was upon the docket of the district Court of Appeals, when the present constitution took effect, and by operation of the 2nd section of ch. 178 (Code of 1873, p. 1143), was transferred to the Supreme Court of Appeals. But this was a case which this court, under the constitution, had no“ jurisdiction to try; the matter in controversy, exclusive of costs, not being of the value of $500; and it not being “ a controversy concerning the title or boundaries of land, the probate of a will, the appointment or qualification of a personal representative, guardian, committee or curator; or concerning a mill, road way, ferry or land- or the of a or a county to levy *1010 tolls or taxes; and it not being a case of habeas corpus, mandamus, or prohibition, or involving the constitutionality of a law.” This court by express inhibition of the constitution, could not assume jurisdiction to try it. (Constitution of Virginia, art. 6, sec. 2; Code of 1873, p. 84.) And by the mandate of the 33d section of the Act of Assembly, supra it was properly transferred to the Circuit court where the appeal was taken, there to be docketed, heard and finally disposed of as by am appellate court. The cause was so transferred and docketed; and it is insisted by the defendant, was heard and finally disposed of.
But it was not heard on its merits. It was heard-upon a motion to dismiss the appeal, upon the ground that the person by whom it was awarded was not a judge, and had no lawful authority to award the writ. If that were so, it was not competent for the Circuit court, as an appellate court, to hear and determine the case upon its merits. The writ of supersedeas was a nullity, and the original judgment of the Circuit court was in force. It was a question which met the appellate judge at the threshold of the case, and which he was obliged to decide. And it was, unquestionably, within his appellate jurisdiction. He did entertain the motion, and after argument and due consideration, being of opinion, that the writ of error and supersedas, had not been awarded by one who had judicial authority, and that the original judgment had not been lawfully superseded, and was still in force, he dismissed the appeal. Being of that opinion what else could he do ? He was bound to dismiss it. If he erred, and upon that point I give no opinion, because I do not think it is involved in this inquiry, it was an error of judgment, in the decision of a question which was clearly within his jurisdiction to determine; and *1011 the only mode by which it could be reviewed and corrected was by a writ of error. If the same decision had been made by the District court, and the amount in controversy was sufficient to give this court jurisdiction, I am clearly of opinion, that it might have been reviewed by this court, upon a writ of error. If ■so, it could not be reviewed and reversed, upon a rule for a mandamus. If a writ of error would not lie, because the value of the matter in controversy was not sufficient to give this court jurisdiction, the ease must share the fate of all other cases, where the inferior court has erred, or is believed to have erred, and the appellate tribunal has no jurisdiction to review the decision and correct the error. I do not mean to say that a writ of error would not lie in this case from this court to review the decision. It may be claimed upon the ground that it involved the constitutionality •of a law. I do not know that such is the case. That point is not involved in this case, and I do not express ■any opinion upon it. But however that may be, whether this tribunal would have jurisdiction or not to review the decision upon a writ of error, I am clear, that it has no jurisdiction to reverse it by mandamus.
But it is contended that the court below disobeyed ■the order of this court, in refusing to hear the case on its merits. I do not understand the order of this court as requiring the Circuit court to try the cause on its merits. And I do not think that it was competent for this court to make such an order. This court acted ministerially in executing the act of assembly. It was manifest upon the face of the judgment of the Circuit court which was sought to be reversed, that this court had no jurisdiction whatever in the case: and that there was a constitutional inhibition to its taking jurisdiction. If it were not so, the cause was *1012 improperly transferred to the Circuit court, and that court had no jurisdiction to try it.
But the District court having been abolished, all the causes pending and undetermined in that court, with the papers and records of said court, were transferred by the operation of the 30th section of the act aforesaid, to the custody of the Court of Appeals. The act then provides how they shall be disposed of by said court. Section 31 authorizes it to try such of them as are within its jurisdiction; and such of them as are not, section 33 provides, “shall be transferred to, and docketed in the Circuit court of the counties or corpoporations, whénce the appeals were originally taken, there to be heard and disposed of as an appellate court.” It was not the design of the act to give the Supreme Court of Appeals an appellate jurisdiction which was expressly prohibited by the constitution. It was only intended that the court should look into the record of the causes so committed to its custody, which it might do by its clerk, and try such as it had jurisdiction to try, and those which it had not jurisdiction to try, as where the amount in controversy was not of the value of $500, it is provided, “ shall be transferred,” &c.,.to the Circuit court; and the act (not the court) further requires, that it shall be there heard and finally disposed of, as by an appellate court. And the cause coming on before the Circuit court of Charlotte, as an appellate court, it was obliged to consider and decide the question which had been raised, whether the writ of error and supersedeas had been awarded by a judge who had warrant of law to award it; just as the district Court of Appeals would have been if the cause had been before it. The act of the court in making the transfer was only ministerial, and was done through its clerk. There was no decision of the question here, *1013 lipón which the case turned in the court to which it was transferred, and upon which it was finally disposed of. Ho such question was raised here, and could not have been, because this court had no jurisdiction of the case. If the amount in controversy had been not less than $500, exclusive of costs, that question might have been raised in this court, and it would have been within its appellate jurisdiction to decide it, and it would have been its duty to do so. In like manner the case being before the Circuit court as an appellate court, the question was properly before it, and it was its duty to decide it. Just as it would have devolved upon this court to have decided it, if it had had jurisdiction of the case, did it devolve on the Circuit court to decide it. And in deciding it that court did not exceed its authority, but kept strictly within the limits of its jurisdiction. And I am of opinion, that this court cannot, without encroaching upon the jurisdiction of the Circuit court, command it to reverse its decision of that question, and to try the cause on its merits. I am of opinion therefore that a peremptory mandamus should not be awarded, and that the rule should be discharged.